## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LOUIS MARSHALL**           **CIVIL ACTION**

**VERSUS**           **NO.  15-3436**

**NATHAN BURL CAIN II**           **SECTION "N"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.       FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Louis Marshall, is incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.[2]  On January 12, 2011, Marshall was charged in Orleans Parish

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2] Rec. Doc. No. 1.

in a two-count bill of information with possession with intent to distribute heroin and cocaine.[3]  The Louisiana Fourth Circuit Court of Appeal summarized the facts determined at trial as follows:

> Mr. Marshall was arrested on January 6, 2011, at his girlfriend's residence.  Detective Desmond Pratt of the New Orleans Police Department and members of the New Orleans Police Department Sixth District Task Force went to the residence to execute a search warrant unrelated to the narcotics charges.  Upon arriving at the residence, Detective Pratt was greeted at the door by Mr. Marshall's girlfriend, Crystal Williams.  Detective Pratt testified that there were about six individuals inside the residence, including Mr. Marshall.  Detective Pratt could see, in plain view, crack cocaine, a scale, and some baggies on the kitchen counter.  When asked about the cocaine, Mr. Marshall stated, "That shit is mine. All that shit is mine, crack, all that shit."  Mr. Marshall was immediately arrested.  A search incident to his arrest recovered from his pocket a clear plastic bag with several smaller plastic bags of a brown-powder like substance, which was determined to be heroin.

State v. Marshall, 150 So.3d 387, 388 (La. App. 4th Cir. 2014); State Record Volume 2 of 3, Louisiana Fourth Circuit Opinion, 2013-KA-1456, page 2, September 17, 2014.

Marshall was tried before a jury on November 10, 2011, and found guilty as charged on both counts.[4]  On December 13, 2011, the state trial court denied Marshall's motions for arrest of judgment, a new trial and post-verdict judgment of acquittal.[5]

---

[3]St. Rec. Vol. 1 of 3, Bill of Information, 1/12/11.

[4]St. Rec. Vol. 1 of 3, Trial Minutes (2 pages), 11/10/11; St. Rec. Vol. 2 of 3, Verdict (count one), 11/10/11; Jury Verdict (count two), 11/10/11; Trial Transcript, 11/10/11; St. Rec. Vol. 3 of 3, Voir Dire Transcript, 11/10/11.

[5]St. Rec. Vol. 1 of 3, Minute Entry, 12/13/11; Motion in Arrest of Judgment, 12/12/11; Trial Court Order, 12/13/11; Motion for New Trial, 12/12/11; Trial Court Order (2), 12/13/11; Motion for Post-Verdict Judgment of Acquittal, 12/12/11; Trial Court Order, 12/12/11; St. Rec. Vol. 2 of 3, Sentencing Transcript, p. 1, 12/14/11.

Marshall was sentenced on December 14, 2011, as to count one to fifty (50) years in prison without benefit of parole, probation or suspension of sentence and to pay court costs of $191.50.[6]  The court sentenced him to a concurrent sentence of thirty (30) years in prison as to count two without benefit of parole, probation or suspension of sentence and to pay court costs of $191.50.

On direct appeal to the Louisiana Fourth Circuit, Marshall's appointed counsel asserted that the state trial court erred by denying the defense motion for mistrial based on Detective Desmond Anthony Pratt's referencing an unrelated homicide investigation that caused the officers to be at the apartment where Marshall and the drugs were found.[7] The court affirmed the conviction on September 17, 2014, finding no merit in the claim.[8] The court also amended Marshall's sentence to limit the restriction on parole, probation and suspension of sentence to the first two years and directed the state trial court to issue a minute entry and commitment order to reflect the change.  The state trial court complied on October 3, 2014.[9]

---

[6]St. Rec. Vol. 1 of 3, Sentencing Minutes, 12/14/11; St. Rec. Vol. 2 of 3, Sentencing Transcript, pp. 3-4, 12/14/11.

[7]St. Rec. Vol. 2 of 3, Appeal Brief, 2013-KA-1456, 3/21/14.

[8]Marshall, 150 So.3d at 387; St. Rec. Vol. 2 of 3, 4th Cir. Opinion, 2013-KA-1456, 9/17/14.

[9]St. Rec. Vol. 1 of 3, Minute Entry, 10/3/14.

The Louisiana Supreme Court denied Marshall's related writ application on May 15, 2015, without stated reasons.[10]  His conviction became final ninety (90) days later, on August 13, 2015, when he did not file a writ application with the United States Supreme Court.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

## II.    FEDERAL HABEAS PETITION

On August 12, 2015, the clerk of this court filed Marshall's petition for federal habeas corpus relief in which he asserted the following grounds for relief:[11] (1) The state trial court abused its discretion by denying the motion for mistrial after Detective Pratt intentionally and improperly referred to the murder investigation as a basis for entering the apartment.  (2) The prosecutor used Detective Pratt's reference to the murder investigation to prejudice the jury and inject into the trial that Marshall had a bad character or a propensity for crime.

The State filed a response in opposition to Marshall's petition arguing that Marshall's first claim fails to assert a cognizable federal claim and that the prosecutorial

---

[10]State v. Marshall, 170 So.3d 159 (La. 2015); St. Rec. Vol. 2 of 3, La. S. Ct. Order, 2014-KO-2157, 5/15/15; La. S. Ct. Letter, 2014-KO-2157, 10/17/14; St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 14-KO-2157, 10/17/14 (dated 10/10/14).

[11]Rec. Doc. No. 1., pp. 14, 21-22.

misconduct claim was neither asserted nor exhausted in the state courts.[12]   In the alternative, to whatever extent Marshall is arguing that he was denied a fair trial, the State contends that the claim is without merit.

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[13] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Marshall's petition, which, for reasons discussed below, is deemed filed in a federal court on August 7, 2015.[14]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in

---

[12]Rec. Doc. Nos. 14, 15.

[13]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[14]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Marshall did not date the form petition, although he dated his signature on the attached memorandum on August 7, 2015.  This is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to the court.

state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes and I find that Marshall's petition was timely filed. The State also contends that Marshall has not exhausted state court remedies on the issue of the prosecutor's introduction of prejudicial evidence but instead has exhausted only his claim that the state trial court erred in denying the motion for mistrial and, arguably, a general claim that he was denied a fair trial based on the reference to the homicide investigation.

Construing the petition broadly, I agree that Marshall has asserted a claim that his trial was rendered unconstitutionally unfair by Detective Pratt's reference to the homicide. This issue and any assertion that the State intended to introduce the reference must be evaluated on habeas review under the Due Process Clause. A claim of denial of a fair trial is a cognizable federal issue, and Marshall appears to have exhausted it in the state courts. Even if the underlying arguments were not fully exhausted, that failure to exhaust does not prevent the court from addressing Marshall's claims, which I find to be without merit. 28 U.S.C. § 2254(b)(2).

IV.    STANDARDS OF A MERITS REVIEW

28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings. Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'" Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S. 849 (2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210 F.3d at 485. The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

7

<u>Williams v. Taylor</u>, 529 U.S. 362, 405-06, 412-13 (2000); <u>Penry v. Johnson</u>, 532 U.S. 782, 792-93 (2001);  <u>Hill</u>, 210 F.3d at 485.  The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." (citation omitted)  <u>White v. Woodall</u>, __ U.S. __, 134 S. Ct. 1697, 1706-07 (2014) (citing <u>Harrington</u>, 562 U.S. at 103, and <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 122 (2009)).  "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" <u>White</u>, 134 S. Ct. at 1706 (quoting <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 666 (2004)).

"'A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly.'" <u>Price v. Vincent</u>, 538 U.S. 634, 641 (2003) (quoting <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24-25 (2002)) (brackets in original); <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002).  Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." <u>Neal v. Puckett</u>, 286 F.3d 230, 246 (5th Cir. 2002), <u>cert. denied</u>, <u>sub nom</u>, <u>Neal v. Epps</u>, 537 U.S. 1104 (2003).  The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner.

Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25); Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

V.     DUE PROCESS / FAIR TRIAL

Construed broadly, Marshall's petition alleges that he was denied a fair trial when the state trial court denied the motion for mistrial after Detective Pratt revealed that he was at the apartment to investigate a murder and this information was improperly presented by the State in an effort to show Marshall's bad character and to prejudice him before the jury.  The state trial court denied Marshall's motion for mistrial, choosing instead to give a curative instruction to the jury and to allow the parties to ask whatever clarifying questions they deemed appropriate.

Marshall asserts that the state trial court erred under state law by denying the motion for mistrial.  This contention alone does not warrant federal habeas review.  See Lavernia v. Lynaugh, 845 F.2d 493, 496 (5th Cir. 1988) (failure to grant a mistrial is a matter of state law and not one of a constitutional dimension); Haygood v. Quarterman, 239 F. App'x 39, 42 (5th Cir. Jun.14, 2007) (state court's denial of motion for a new trial does not necessarily constitute a violation of a federal constitutional right) (citing Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991)).  A state court's denial of a motion for mistrial under state law will trigger federal habeas corpus relief only if it was "'error ... so extreme that it constitutes a denial of fundamental fairness under the Due

Process Clause.'" <u>Hernandez v. Dretke</u>, 125 F. App'x 528, 529 (5th Cir. Feb. 16, 2005) (quoting <u>Bridge v. Lynaugh</u>, 838 F.2d 770, 772 (5th Cir.1988)).

Similarly, the Due Process Clause provides a mechanism for relief when evidence is wrongly admitted in a state court criminal proceeding, but <u>only</u> if that evidence is so unduly prejudicial that it renders the trial fundamentally unfair. <u>Bigby v. Cockrell</u>, 340 F.3d 259, 271-72 (5th Cir. 2003). The evidence must have had a substantial, injurious effect or influence in determining the jury's verdict such that it rendered the trial fundamentally unfair. <u>Wood v. Quarterman</u>, 503 F.3d 408, 414 (5th Cir. 2007). Admission of prejudicial evidence is fundamentally unfair so as to justify federal habeas corpus relief only if it "played a crucial, critical, and highly significant role in the trial." <u>Gonzales v. Thaler</u>, 643 F.3d 425, 430 (5th Cir. 2011).

When the presentation of improper evidence is grounded in alleged prosecutorial misconduct, the habeas petitioner must demonstrate that "the misconduct is persistent and pronounced or that the evidence of guilt was so insubstantial that the conviction would not have occurred" but for the alleged misconduct. <u>Jones v. Butler</u>, 864 F.2d 348, 356 (5th Cir. 1988). Thus, federal habeas corpus relief is not available unless the alleged misconduct so infected the trial with unfairness that it too denied the defendant due process. <u>Darden v. Wainwright</u>, 477 U.S. 168, 181 (1986).

Under these standards, to establish a fundamentally unfair trial, a petitioner must show a reasonable probability that the verdict might have been different had the trial been

properly conducted.  <u>Kirkpatrick v. Blackburn</u>, 777 F.2d 272, 279 (5th Cir. 1985).  A habeas petitioner must show that "the trial court's error had a 'substantial and injurious effect or influence in determining the jury's verdict.'"  <u>Hernandez</u>, 125 F. App'x at 529 (citing <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623 (1993)).

The question of fundamental fairness at trial under the Due Process Clause presents a mixed question of law and fact.  <u>Wilkerson v. Cain</u>, 233 F.3d 886, 890 (5th Cir. 2000); <u>see</u> <u>Brazley v. Cain</u>, 35 F. App'x 390, 2002 WL 760471, at *4 n.4 (5th Cir. Apr. 16, 2002) (prosecutorial misconduct is a mixed question of law and fact); <u>Livingston v. Johnson</u>, 107 F.3d 297, 309 (5th Cir. 1997) (admissibility of evidence under the Due Process Clause is a mixed question of law and fact).  Thus, the court must determine whether the denial of relief by the state courts was contrary to or an unreasonable application of federal law.

The record reflects that Detective Pratt was called by the State to testify at trial about the discovery of narcotics and Marshall's arrest at the apartment of his girlfriend, Crystal Williams.[15]  On direct examination, Pratt indicated that five or six other people were playing cards in the apartment when the officers arrived.[16]  On cross-examination, Marshall's counsel asked Pratt if he had recorded the names of the other people in his

---

[15]St. Rec. Vol. 2 of 3, Trial Transcript, p. 12, 11/10/11.

[16]<u>Id</u>., p. 13.

report.  Pratt responded, "It's in my homicide report, the names of the people."[17]  Counsel soon approached the bench to confer with the court, and the jury was removed from the courtroom.

Based on the transcribed conversations between counsel and the court that followed, defense counsel's main concern was that the homicide report containing the names of the other people at the apartment was not produced in discovery.[18]  The trial court found no Brady[19] violation or intentional failure to disclose on the part of the State.

Defense counsel also argued that the parties had agreed not to mention the homicide investigation during this trial.[20]  On the latter issue, counsel moved for a mistrial.[21]  Upon questioning by the court, Detective Pratt confirmed that he had been told by the district attorney not to mention the homicide during the narcotics trial.[22]  He told the court that he only mentioned it because defense counsel asked where he had recorded the names of the other people.  The court thereafter denied the motion for mistrial.  The court decided to give a curative instruction to the jury that the homicide had nothing to

---

[17]Id., p. 17.

[18]Id., pp. 22-23.

[19]Brady v. Maryland, 373 U.S. 83 (1963) (prosecutors are constitutionally obligated to produce exculpatory evidence to defendants pre-trial).

[20]State Rec. Vol. 2 of 3, Trial Transcript, p. 23.

[21]Id., p. 23.

[22]Id., p. 19.

do with the case and allowed both sides to ask whatever curative questions they chose to ask of Pratt.[23]

Defense counsel elicited from Pratt that the homicide investigation had nothing to do with Marshall, who was in the wrong place at the wrong time.[24]   As a curative measure, the state trial court also advised the jury as follows:[25]

> Any evidence that you may have heard involving any other offense, other than the offense for which the defendant is on trial is not to be considered in deciding whether the defendant is guilty of the offense charged.  Remember, the defendant is on trial only for the offense as charge (sic).  You are not to find him guilty of either evidence based on evidence based on (sic) any other separate crime or investigation which you may have heard about.

On appeal, the Louisiana Fourth Circuit found no error in the trial court's denial of the motion for mistrial under Louisiana law.  The court held that Marshall was <u>not</u> so improperly prejudiced by Pratt's remark to warrant the drastic remedy of mistrial.  The court recognized that the trial court found that the remark was "inadvertent on the part of the witness and unsolicited by the State."[26]   The court also commented that defense counsel's questioning and the court's limiting instruction further clarified the situation. This was the last reasoned opinion on the issue of whether the trial court erred in denying

---

[23]<u>Id</u>., pp. 23-24.

[24]<u>Id</u>., pp. 25-26.

[25]<u>Id</u>., pp. 65.

[26]<u>Marshall</u>, 150 So.3d at 390; St. Rec. Vol. 2 of 3, 4th Cir. Opinion, 2013-KA-1456, p. 5, 9/17/14.

the motion for mistrial.  See Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion.).

Marshall asserts that his trial was rendered unfair by denial of the motion for mistrial and the State's intentional introduction of information about the homicide investigation as evidence to prove his bad character or propensity for crime.  I find no support in the record for Marshall's contention that the State intentionally introduced or referenced the homicide investigation.  On the contrary, Detective Pratt made clear that he had been told by the district attorney not to mention the murder investigation.  He also admitted and the state courts concluded that his reference to the homicide report was inadvertent and "unsolicited by the State."[27]  Marshall points to nothing to suggest error in this factual finding, which is entitled to deference on federal habeas review.

Furthermore, on the record before this court, Marshall has not established that Detective Pratt's reference to the homicide report was so prejudicial that it impacted the verdict making his trial fundamentally unfair.  The jury was instructed by the state trial court not to consider the information about the other investigation in reaching its verdict.

---

[27]Marshall, 150 So.3d at 390; St. Rec. Vol. 2 of 3, 4th Cir. Opinion, 2013-KA-1456, p. 5, 9/17/14.

The jury also heard Officer Pratt confirm that Marshall had no connection with the homicide investigation.

These considerations, coupled with the overwhelming evidence of guilt of the drug offenses, including Marshall's statements that the narcotics were his, establish that Marshall has not shown that his trial was made fundamentally unfair by Pratt's reference to the homicide report. He has not established a due process violation resulting from the denial of the motion for mistrial or the reference to the homicide report at trial. The denial of relief on this issue by the state courts was not contrary to or an unreasonable application of Supreme Court law. He is not entitled to federal habeas corpus relief.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Marshall's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United

<u>Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[28]

New Orleans, Louisiana, this ____23rd____ day of March, 2016.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[28]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.